made—which consisted merely of the sworn cross-bill and affidavit denying the allegations therein—that the wife's interest in the property had been purchased with partnership funds belonging to herself and the husband, a court of chancery would not interfere by appointing a receiver.

6. RECEIVERS, § 2*—*when appointment of receiver to protect interest in property is unnecessary.* The appointment of a receiver in a suit for a divorce to protect the husband's interest in property in the wife's name, and which she owns jointly with a third person, is unnecessary where, upon proper showing, the wife could have been enjoined from disposing or incumbering her interest therein during the pendency of the suit.

---

## Sophie Spiehs, Administratrix, Appellee, v. Samuel Insull, Receiver, Appellant.

### Gen. No. 21,848.   (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. MARCUS A. KAVANAGH, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1915. Affirmed. Opinion filed July 19, 1917.

### Statement of the Case.

Action by Sophie Spiehs, as administratrix of the estate of Adam Spiehs, deceased, plaintiff, against Samuel Insull, as receiver of Chicago & Oak Park Elevated Railroad Company, defendant, to recover for the death of said Adam Spiehs while employed as gateman or flagman for defendant. From a judgment for plaintiff on a verdict of a jury, defendant appeals.

See *Spiehs v. Insull,* 202 Ill. App. 30.

ADDISON L. GARDNER and CARROLL H. JONES, for appellant.

FRANCIS J. WOOLLEY, for appellee.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Mr. Justice Matchett delivered the opinion of the court.

## Abstract of the Decision.

1. Workmen's Compensation Act, § 2*—*what is effect of employer electing not to pay compensation on availability of defenses.* Where an employer has elected not to pay compensation as provided in the Workmen's Compensation Act of 1911 (J. & A. ¶ 5449 et seq.), the defenses of assumed risk, negligence of a fellow-servant and contributory negligence are unavailable.

2. Death, § 46*—*what evidence is admissible in action for death of employee in absence of eyewitnesses.* In an action for the death of a gateman of a railroad company, alleged to have been caused by his being struck, while at his post between two tracks, by one of defendant's westbound trains and thrown so as to be run over by an eastbound train, *held*, in the absence of eyewitnesses to the accident, that evidence that deceased was a good workman, in good health, and a man of careful and cautious habits was admissible.

3. Trial, § 153*—*when case should be submitted to jury.* Where there is in the record any evidence from which, if it stood alone, the jury, without acting unreasonably in the eye of the law, could find that all the averments of the declaration have been proved, the case should be submitted to the jury.

4. Death, § 71*—*when manner of occurrence of accident is question for jury.* In an action for the death of a railroad gateman by being run over by one of defendant's trains where it appeared that the platform on which deceased worked was unguarded; that the center of the lever that operated the gates was 4 feet 5½ inches from the south rail of the north or eastbound track and 2 feet 8½ inches from the north rail of the south or westbound track; that a car overhung the rail 1 foot 10¾ inches; that deceased was a man 68 years of age, in good health, and was careful in his habits, and that deceased was run over by an eastbound train, and there were no eyewitnesses to the accident, evidence *held* to tend to show that deceased was first struck by a westbound train while at his work and thrown so as to be run over by the eastbound train, and warrant the submission of the question to the jury.